

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

JOHN HENRY, §
    Plaintiff, §
§
vs. §
§
KENNETH SHARP; § Civil Action No.: 4:18-02321-MGL
THOMAS COMMANDER; and §
DEMON GREENE, §
    Defendants. §
§

ORDER ADOPTING REPORT AND RECOMMENDATION
AND SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT
WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS

Plaintiff, proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983 (section 1983). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court summarily dismiss Plaintiff's complaint without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Magistrate Judge filed the Report on August 23, 2018. ECF No. 8. The Clerk of Court entered Plaintiff's objections to the Report on September 10, 2018. ECF No. 10. The Court has reviewed the objections, but holds them to be without merit. Therefore, the Court will enter judgment accordingly.

The Magistrate Judge recommended Plaintiff's complaint was due to be dismissed because Plaintiff had failed to exhaust the South Carolina Department of Corrections' (SCDC) administrative remedy process before filing his complaint as required under the Prison Litigation Reform Act (PLRA). Plaintiff objects his complaint should not be dismissed because the PLRA does not require exhaustion of administrative remedies where such remedies are effectively unavailable, including where a prisoner has reason to fear retaliation for seeking such remedies, nor where allegations of criminal activity are involved. The Court agrees with the Magistrate Judge.

The PLRA provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court has determined "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general

2

circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Plaintiff argues he was exempt from the PLRA's administrative exhaustion requirements because he feared retaliation, and thus an administrative remedy was effectively unavailable. Assuming arguendo Plaintiff is correct fear of retaliation would exempt him from the PLRA's administrative exhaustion requirements, having reviewed Plaintiff's pleadings, the Court finds no evidence Plaintiff feared retaliation. This conclusion is supported by the fact Plaintiff filed a Step One grievance regarding the incident at issue, thus seeking an administrative remedy.

Plaintiff also argues the PLRA fails to require exhaustion of administrative remedies where allegations of criminal activity are involved. In making this argument, Plaintiff relies upon the language of SCDC policy, which notes "in certain cases, informal resolution may not be appropriate or possible (e.g., when the matter involves allegations of criminal activity)." SCDC Policies/Procedures, GA 1-12, *Inmate Grievance System*, § 13.2, available at http://www.doc.sc.gov/policy/policy.html (last visited Oct. 1, 2018). Although Plaintiff is correct SCDC policy exempts certain matters from informal resolution, he is seeking exemption from administrative remedies, a step beyond the informal resolution for which SCDC policy provides exemption in certain cases. Accordingly, SCDC's policy, and thus Plaintiff's argument, is unavailing. For the above reasons, the Court will overrule Plaintiff's objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Plaintiff's complaint is summarily **DISMISSED WITHOUT PREJUDICE**, and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 16th day of October, 2018, in Columbia, South Carolina.

                                                        /s/ Mary Geiger Lewis  
                                                        MARY GEIGER LEWIS  
                                                        UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.